125 Court Street, LLC, Respondent, 
against
Yolande Nicholson, Appellant.



Consolidated appeal from orders of the Civil Court of the City of New York, Kings County, dated July 16, 2014 (Marcia J. Sikowitz, J.) and September 19, 2014 (Leslie A. Stroth, J.), respectively. The order dated July 16, 2014, insofar as appealed from as limited by the brief, denied tenant's motion (1) in effect, for leave to reargue her prior motion to vacate a stipulation of settlement, an amended stipulation of settlement, and the final judgment entered pursuant thereto, which prior motion had been determined by an order of the same court (Anthony J. Fiorella, J.) entered May 20, 2011, and (2) to be restored to possession, in a holdover summary proceeding. The order dated September 19, 2014 denied tenant's motion, in effect, for leave to renew the initial motion, and to dismiss the petition, to be restored to possession, and for attorney's fees.




ORDERED that so much of the appeal as is from the portion of the order dated July 16, 2014 that, in effect, denied reargument is dismissed; and it is further,
ORDERED that the order dated July 16, 2014, insofar as reviewed, is affirmed, without costs; and it is further,
ORDERED that the order dated September 19, 2014 is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of tenant's motion, in effect, for leave to renew the initial motion, and to dismiss the petition, to be restored to possession, and for attorney's fees.
Landlord, an affiliate of Two Trees Management Company, commenced this holdover proceeding in February 2010, alleging that the subject apartment is rent stabilized and that tenant had failed to sign a renewal lease (see Rent Stabilization Code [RSC] [9 NYCRR] § 2524.3 [f]). The petition does not allege that landlord is the recipient of an RPTL 421-a tax abatement (see 28 RCNY 6-01 et seq.). On June 10, 2010, tenant, represented by counsel, entered into a stipulation in which she admitted owing landlord $22,423.21 through June 30, 2010. The stipulation provided for a purported waiver of past rent in the amount of $9,532.18 and for tenant to surrender the apartment by September 30, 2010. A final judgment was entered, pursuant to the stipulation, awarding landlord possession and the sum of $12,891.03. An amended stipulation, entered into on July 27, 2010, modified the amount due landlord, decreasing the sum by $891.03. On a prior appeal, this court, by decision and order dated June 13, 2014, affirmed an order of the Civil Court (Anthony J. Fiorella, J.) entered May 20, 2011 which denied a motion by tenant to vacate the stipulation, the amended stipulation, and the final judgment—which motion had been [*2]based on a claim that tenant had inadvertently waived her right to a postjudgment cure (44 Misc 3d 128[A], 2014 NY Slip Op 50973[U]). 
Tenant was evicted on July 14, 2014 and moved, the same day, on an emergency basis, for, in effect, leave to reargue her prior motion to vacate the stipulation, the amended stipulation, and the final judgment, and to be restored to possession on the ground that she had not received a marshal's notice. By order dated July 16, 2014, the Civil Court (Marcia J. Sikowitz, J.) denied the motion. Tenant thereafter moved, in effect, for leave to renew the initial motion to vacate the stipulation, amended stipulation and final judgment, and to dismiss the petition, to be restored to possession, and for attorney's fees, alleging, among other things, fraud and newly discovered evidence. Specifically, tenant alleged that, according to a letter she had obtained in 2013, sent by the New York City Department of Housing Preservation and Development (HPD) to landlord's attorney, landlord was the recipient of an RPTL 421-a tax abatement, which had not been pleaded in the petition. Tenant further alleged, among other things, that landlord had registered rents above the legal limit allowed by HPD, which, pursuant to the abatement program, set the maximum legal rents for the building. By order dated September 19, 2014, the Civil Court (Leslie A. Stroth, J.) denied tenant's motion, on the ground that the issues raised were the same as those that had been raised in the previous motion and that the court lacked authority to disturb the determinations of Judge Sikowitz in the order dated July 16, 2014 and of this court on the prior appeal. Tenant separately appealed the denial of each post-eviction motion, and the appeals were consolidated by this court.
So much of the appeal as is from the portion of the order dated July 16, 2014 that, in effect, denied reargument is dismissed on the ground that no appeal lies from the denial of reargument. The order, insofar as reviewed, is affirmed, as a marshal's failure to serve a 72-hour notice does not affect the validity of the final judgment and affords no basis for granting a motion to be restored to possession (see 789 St. Marks Realty Corp. v Waldron, 46 Misc 3d 138[A], 2015 NY Slip Op 50073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Graham v Moore, 10 Misc 3d 133[A], 2005 NY Slip Op 52087[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
With respect to the order dated September 19, 2014, we note that, contrary to the Civil Court's holding, the issues of fraud and newly discovered evidence raised in support of tenant's renewal motion were not properly before this court on the prior appeal nor were they determined by the Civil Court on the prior motion. Accordingly, the order dated September 19, 2014 is reversed and the matter remitted to the Civil Court to determine the issues raised on tenant's renewal motion.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: September 07, 2016